UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GARY LEON WEBSTER                                                                PETITIONER
ADC #114018

V.                                      No. 4:21-CV-678-BSM-JTR

DEXTER PAYNE,
Director, ADC; and
JODI RAINES DENNIS,
Circuit Judge, Jefferson County                                                  RESPONDENTS

## RECOMMENDED DEPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On October 12, 1998, Petitioner Gary Leon Webster ("Webster") pleaded guilty to one count of first-degree sexual abuse in Craighead County Circuit Court.

*State v. Webster*, No. 16JCR-98-645 (filed Aug. 19, 1998).[1] Since November 17, 2007, Webster has had at least eleven cases filed against him in Craighead County Circuit Court based on his failure to register as a sex offender.[2]

By the time he was charged on May 4, 2018 for again failing to register as a sex offender, Webster was on probation and had accumulated 16 years' worth of suspended sentences. Criminal Information, *State v. Webster*, 16JCR-18-506 (May 4, 2018); Revocation Petition, *State v. Webster*, 16JCR-09-1262, 16JCR-10-377, 16JCR-17-7, 16JCR-17-796 (July 5, 2018).

While Webster's May 4 charge was proceeding through pre-trial litigation, the State moved to revoke his probation and suspended imposition of sentence. Revocation Petition, *State v. Webster*, 16JCR-09-1262, 16JCR-10-377, 16JCR-17-7, 16JCR-17-796 (July 5, 2018). A jury trial for Webster's May 4 charge was set to begin September 4, 2018; and a hearing on the State's Revocation Petition was set for September 7, 2018. *See* Trial Subpoena, *State v. Webster*, No. 16JCR-18-506

---

[1] Court records are publicly available through "CourtConnect" on the Arkansas State Judiciary website: caseinfo.arcourts.gov (last visited Aug. 27, 2021).

[2] *State of Arkansas v. Gary Leon Webster*, 16JCR-07-1124 (filed Nov. 17, 2007)
*State of Arkansas v. Gary Leon Webster*, 16JCR-09-50 (filed Jan. 21, 2009)
*State of Arkansas v. Gary Leon Webster*, 16JCR-09-309 (filed Apr. 13, 2009)
*State of Arkansas v. Gary Leon Webster*, 16JCR-09-744 (filed July 22, 2009)
*State of Arkansas v. Gary Leon Webster*, 16JCR-09-1262 (filed Dec. 16, 2009)
*State of Arkansas v. Gary Leon Webster*, 16JCR-10-44 (filed Jan. 20, 2010)
*State of Arkansas v. Gary Leon Webster*, 16JCR-10-377 (filed Apr. 20, 2010)
*State of Arkansas v. Gary Leon Webster*, 16JCR-17-7 (filed Jan. 3, 2017)
*State of Arkansas v. Gary Leon Webster*, 16JCR-17-796 (filed July 24, 2017)
*State of Arkansas v. Gary Leon Webster*, 16JCR-18-506 (filed May 4, 2018)
*State of Arkansas v. Gary Leon Webster*, 16JCR-18-857 (filed July 25, 2018)

(Aug. 17, 2018); Hearing Subpoena, *State v. Webster*, No. 16JCR-09-1262 (Sept. 5, 2018). For reasons not readily apparent from the state court records, the September 4 trial was continued, and the May 4 charge for failure to register was eventually *nolle prossed*. *See* Docket Sheet, *State v. Webster*, No. 16JCR-18-506.

The revocation hearing proceeded as scheduled on September 7. After hearing from several witnesses, including Webster himself, the state trial judge revoked Webster's probation and sentenced him to ten years' imprisonment on his previously suspended sentences. *Webster v. State*, 588 S.W.3d 95, 97–98 (2019).[3] He appealed to the Arkansas Court of Appeals, which affirmed the revocation. *Id.* at 99.

On April 14, 2020, Webster filed a Habeas Corpus Petition in Jefferson County Circuit Court. In his petition, he alleged that he was scheduled to go to trial on September 4, 2018. "[W]ith no warning whatsoever," the trial was canceled, and he was "taken to a hearing on Sept. 7, 2018 [where] the presiding judge found for the prosecution." *Webster v. Payne*, No. 35CV-20-318 (Apr. 14, 2020). Respondent Jefferson County Circuit Judge Jodi Raines Dennis ("Judge Dennis") dismissed Webster's Habeas Petition because he had failed to state a cognizable claim for

---

[3] According to the Arkansas Department of Corrections ("ADC") website, Webster began serving his 10-year sentence on October 23, 2018, and he remains incarcerated at the Tucker Unit of the ADC. ARKANSAS DEPARTMENT OF CORRECTIONS, *Inmate Search*, https://apps.ark.org/inmate_info/search.php (last visited Aug. 27, 2021).

habeas relief, and all his claims "could have been addressed…in the trial court, on appeal, or in a timely post-conviction proceeding." *Doc. 2 at 3*.

On March 17, 2021, Webster filed a second Habeas Petition in Jefferson County Circuit Court, which remains pending before Judge Dennis. Habeas Corpus Petition, *Webster v. Payne*, No. 35CV-21-151 (Mar. 17, 2021).

On July 28, 2021, Webster filed a "Petition for Writ of Mandamus" with this Court. *Doc. 1*. He requests this Court to issue a Writ of Mandamus against Judge Dennis. *Doc. 1 at 1*. He claims that the "[r]e-submission of the Petition for Writ of Habeas Corpus [in state court] has a high probability of coming to no avail," and asks this Court to "waive [the] state exhaustion necessity." *Id.* In an accompanying affidavit,[4] Webster states that he previously sent a request for waiver to the Jefferson County Circuit Court "to no avail." *Doc. 2*.

## II.  Discussion

This Court lacks subject-matter jurisdiction to issue a writ of mandamus against Judge Dennis in a state habeas corpus proceeding.

The All Writs Act authorizes federal district courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added); *Ark. Blue*

---

[4] The Clerk of the Court docketed the affidavit as a "Motion Requesting the Court Waive the Requirement into State Exhaustion to Allow the Writ of Habeas Corpus." *Doc. 2*.

*Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 820 (8th Cir. 2009). However, before a district court can grant relief under the Act, it must have "subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). *See also Ark. Blue Cross & Blue Shield*, 551 F.3d at 820.

Webster is asking this Court to issue a writ of mandamus against a *state* court judge in a *state* habeas proceeding. The Court does not have existing or potential jurisdiction over such proceeding. As the Eighth Circuit has noted, "[t]he actions of the state court are completely outside the field in which [federal courts] can make judicial review and correction." *See Middlebrooks v. Thirteenth Jud. Dist. Cir. Ct., Union Cty., El Dorado, Ark.,* 323 F.2d 485, 486 (8th Cir. 1963) (discussing 28 U.S.C. § 1651(a)). Accordingly, this Court lacks subject-matter jurisdiction to entertain Webster's Petition for Writ of Mandamus under the All Writs Act.

Under a different mandamus statute, federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Judge Dennis is a *state* officer, not an officer of the United States or its agencies. Accordingly, this Court does not have subject-matter jurisdiction over this case under that statute.

Finally, to the extent Webster seeks to have *this* Court "waive" the state exhaustion requirement, the matter is not properly before the Court. Liberally construing Webster's request, he is acknowledging that he may have procedurally defaulted the habeas corpus claims he might otherwise wish to pursue in federal court. However, because Webster does not have a federal habeas petition pending before the Court, he is requesting it to issue an advisory opinion on whether he can pursue his habeas claims, even though he may be procedurally barred from doing so in state court. Federal courts are prohibited from issuing advisory opinions. *KCCP Tr. v. City of N. Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005).

### III.  Conclusion

Because this Court does not have subject-matter jurisdiction over this case, Webster's Petition for Writ of Mandamus should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT: (1) the Petition for Writ of Mandamus (*Doc. 1*) be DISMISSED, without prejudice; (2) the Motion requesting waiver of the state exhaustion requirement (*Doc. 2*) be DENIED; and (3) this action be DISMISSED.[5]

DATED this 30th day of August, 2021.

                                              */s/ J. Thomas Ray*
                                      UNITED STATES MAGISTRATE JUDGE

---

[5] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).